J-S53019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASHIA TERRY | |
| Appellant | No. 1795 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 21, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0010885-2011

BEFORE:  OLSON, STABILE, and NICHOLS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 05, 2019**

Appellant Ashia Terry appeals *nunc pro tunc* from the June 21, 2013 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court"), following his guilty plea to third-degree murder, conspiracy and possession of an instrument of crime ("PIC").[1]  Upon review, we affirm.

The facts and procedural history of this case undisputed.  As summarized by the trial court:

> On March 20, 2011, [Appellant] was arrested and charged with murder and related offenses after [Appellant] fatally shot Quinta Brown in the back on June 27, 2010, while Brown, a female, was fighting [Appellant's] sister.  [Appellant] claimed that he believed at the time of the shooting that Brown was a male.  On February 20, 2013, [Appellant] agreed to a "degree of guilt" hearing before the Honorable Lillian Ransom.  On April 18, 2013, Judge Ransom found [Appellant] guilty of third-degree murder, conspiracy, and

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903, and 907(a), respectively.

PIC. On May 31, 2013, Judge Ransom sentenced [Appellant] to ten to twenty years of imprisonment for third-degree murder. He received no further penalty for [PIC].

On June 10, 2013, the Commonwealth filed a motion for reconsideration of sentence,[2] arguing, inter alia, that the court had miscalculated the sentencing guidelines and failed to state its reasons on the record for departing below the mitigated range. [Appellant] had a prior record score of four. With the "deadly weapon used" enhancement, the sentencing guidelines were 186 months (fifteen-and-a-half years) to the statutory limit for third-degree murder (twenty to forty years), with a mitigated range of minus twelve months. [Appellant's] ten to twenty year sentence fell below the sentencing guidelines. At [Appellant's] sentencing hearing, the Commonwealth had erroneously provided the guidelines as 168 months (fourteen years) to 240 months (twenty years).

On June 21, 2013, during a hearing for the Commonwealth's motion for reconsideration, the Commonwealth offered information that was not offered at [Appellant's] first sentencing. Specifically, the Commonwealth offered information as to the efforts taken to apprehend [Appellant] and how he had eluded police. A warrant had been issued for [Appellant] on July 29, 2010. Police went to several addresses, without results, before arresting [Appellant] on March 20, 2011, almost nine months after the murder. When police initially stopped [Appellant], he gave a fake name. On June 21, 2013, Judge Ransom granted the Commonwealth's motion for reconsideration, and vacated [Appellant's] sentence. On the same date, Judge Ransom resentenced [Appellant] to fourteen-and-a-half to twenty-nine years of imprisonment for third-degree murder. [Appellant] did not file a post-sentence motion or a direct appeal.

On July 18, 2014, [Appellant] filed a *pro se* Post-Conviction Relief Act ("PCRA") petition, his first. On March 11, 2015, [Appellant] filed a subsequent *pro se* PCRA petition. On March 12, 2015, the court-appointed PCRA counsel entered his appearance. In 2017, this matter was assigned to this Court. On February 27, 2018, PCRA counsel-finding [Appellant's] claims meritless-filed a [no-merit] letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) [(*en banc*)] and a Motion to Withdraw.

On June 14, 2018, after a hearing, [the PCRA court] reinstated [Appellant's] appellate rights *nunc pro tunc*, finding that trial counsel should have filed an appeal after the trial court increased [Appellant's] sentence. [The PCRA court] then

---

[2] Contrary to Appellant's contention, the Commonwealth's motion for reconsideration of sentence was timely. The docket confirms that the Commonwealth filed the motion on June 10, 2013, the 10th day after the entry of the May 31, 2013 judgment of sentence.

appointed appellate counsel. [The court] advised appellate counsel that he did not have to file a post-sentence motion before filing an appeal as the instant appeal would be in response to the Commonwealth's motion for reconsideration.

Trial Court Opinion, 9/25/18, at 1-3 (footnotes, record citations and unnecessary capitalizations omitted). Appellant timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising a single assertion of error. "Did the trial court improperly, and without sufficient reasons to justify same, raise its original sentence of ten (10) to twenty (20) years' imprisonment imposed on May 31, 2013, upon a petition for reconsideration by the Commonwealth, to fourteen and one-half (14½) to twenty-nine (29) years?" Rule 1925(b) Statement, 7/7/18 at ¶ 1. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant's claim did not merit relief.

On appeal, Appellant repeats the same issue—challenging the discretionary aspects of sentence—for our review.[3] We, however, decline to address its merits. As the Commonwealth argues, Appellant's issue,

_____

[3] We agree with the Commonwealth that Appellant's claim that Judge Ransom erred in permitting the Commonwealth to offer additional evidence at the re-sentencing hearing is not preserved. **See** Commonwealth's Brief at 11-12 (Appellant "waived all of his arguments with the exception of the claim that the trial court failed to provide a statement of reasons of its sentence."). As the Commonwealth points out, this claim is not subsumed by Appellant's Rule 1925(b) statement. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005); Pa.R.A.P. 1925(b)(3)(vii) (providing that "issues not included in the Statement ... are waived"); **see also Commonwealth v. Hill**, 16 A.3d 484, 491 (Pa. 2011) ("Rule 1925 violations may be raised by the appellate court *sua sponte*."). Additionally, the trial court did not address this issue in its Rule 1925(a) opinion.

implicating the discretionary aspects of sentence, is waived because he failed to include a Pa.R.A.P. 2119(f) statement in his brief. *See Commonwealth v. Love*, 896 A.2d 1276, 1287 (Pa. Super. 2006) (holding that this Court is precluded from reaching the merits of a discretionary aspects of sentencing claim when the appellant fails to include a Rule 2119(f) statement, and the Commonwealth lodges an objection to the omission of the statement). Accordingly, Appellant is not entitled to relief on his sole issue before us.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/19